_____



**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### IN THE NORTHERN DISTRICT OF MISSISSIPPI

**IN RE: HERCHEL AND JUDY MCCLUSKY**           **CASE NO. 19-10498**

### AGREED ORDER RESOLVING AMENDED MOTION TO
### ABANDON AND RELIEF FROM STAY (DK#28)

THIS DAY, there came on to be heard and was heard the Creditor's Amended Motion to Abandon and Relief from Stay (DK#28), and the Court having been advised that the parties have reached an agreement, adjudicates as follows:

(1)

That the Court has jurisdiction over the parties and the subject matter herein.

(2)

That the creditor holds an interest in the following property which secures this debt, namely, a house and 1.4 acre lot located at 78 Sunset Acres Road, Holly Springs, Mississippi 38635, more particularly described as follows (the "Property"):

1.4 acres in the Northwest Quarter of Section 26, Township 3 South, Range 3 West, Marshall County, Mississippi, more particularly described as follows:

Commence at a point 796 feet West of the Southeast corner of the Northeast Quarter of Section 26, Township 3 South, Range 3 West, Marshall County, Mississippi, thence North 1 degrees 02 minutes East 1147.52 feet to the South boundary of U.S. Highway 78, thence North 59 degrees 43 minutes West with the South boundary of said Highway 560.77 feet, thence South 0 degrees 16 minutes West 740 feet to the point of beginning, thence South 80 degrees 0 minutes East 223 feet to the West boundary of Sunset Road,

thence South 1 degrees 0 minutes West with the West boundary of said road 280 feet, thence North 78 degrees 26 minutes West 219 feet to an iron pin, thence North 0 degrees 16 minutes East 282 feet to the point of beginning and containing 1.4 acres, more or less, all as more fully shown and depicted upon that certain plat and survey prepared by Eddie C. Boatwright, MLS-1069, dated December 26, 1986, direct reference to which is made in aid of this description.

(3)

That the Debtors shall pay the Chapter 13 plan payments current through August 2019 to the Trustee no later than August 30, 2019, and if the Debtors fail to remit the plan payments, the automatic stay provisions of 11 U. S. C. § 362 shall be lifted automatically and the Creditor shall be allowed to initiate foreclosure against the Debtors' Property.  Should the automatic stay lift, all communications including but not limited to, notices required by state law, sent by Creditor in connection with proceedings against the property may be sent directly to the Debtors.

(4)

Should Debtors become sixty (60) days or more delinquent on plan payments from September 1, 2019, the automatic stay provisions of 11 U. S. C. § 362 shall be lifted automatically and the Creditor shall be allowed to initiate foreclosure against the Debtors' Property.  Should the automatic stay lift, all communications including but not limited to, notices required by state law, sent by Creditor in connection with proceedings against the property may be sent directly to the Debtors.

(5)

That if the Debtors' Chapter 13 bankruptcy is dismissed, the Debtors are barred from refiling for 180 days from the date of dismissal.

(6)

That the Creditor is awarded attorney's fees of $150.00 and costs in the amount of $181.00.  Further, that the Debtors' Chapter 13 plan shall be amended to pay the attorney's fees and costs over the plan term and the Chapter 13 Trustee shall be authorized to amend the plan

payment as necessary to pay same.

(7)

That the 14 day stay of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is waived.

(8)

That the Creditor's Amended Motion For Relief From the Automatic Stay is hereby granted in part subject to the provisions contained herein.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Amended Motion For Relief From the Automatic Stay of Creditor, Bank of Holly Springs, is hereby granted in part, subject to the provisions contained herein.  Further, the Creditor is awarded attorney's fees of $150.00 and costs in the amount of $181.00.  Further, that the Debtors' Chapter 13 plan shall be amended to pay the attorney's fees and costs over the plan term and the Chapter 13 Trustee shall be authorized to amend the plan payment as necessary to pay same.

**##ENDOFORDER##**

 /s/ Bart M. Adams
Bart M. Adams
Attorney for Bank of Holly Springs

 /s/ Karen Schneller
Attorney for Debtors

 /s/ Melanie T. Vardaman
Attorney for Chapter 13 Trustee

Submitted by:
Bart M. Adams, Esq. Bar No.:100985
108 E. Jefferson St.
Ripley, MS 38663
(662) 837-9976
bart@akinsadams.com